# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| Robert W. Douglas | § | |
| | § | |
| v. | § | SA-11-CV-766-XR |
| | § | |
| Thomas Herrin, et al. | § | |

## ORDER

On this day came on to be considered Defendant' motion to dismiss (dkt. no. 8).

## Background

On or about May 31, 2006, a notice of federal tax lien was filed in the Bexar County property records against Plaintiff's residence. On or about May 14, 2007, Heriberto Almodovar, an IRS Revenue Officer, sent Plaintiff a "Letter 3174" notifying Plaintiff that he owed $168,139.99 for tax periods 1998, 2000, 2001, 2002 and 2003. On that same date, notice of levies were sent to Southtrust Bank and Frost National Bank. In response Plaintiff sent Mr. Almodovar and the Commissioner of the IRS a letter titled "Validation and Verification of Requirement, Duty, Obligation, Debt or Liability Inquiry." In that letter he argued that he has "never been established as a taxpayer."

On August 19, 2010, Bruce M. Wilpon, an attorney with the Department

of the Treasury sought authorization to foreclose the tax lien against Plaintiff's property.

On October 22, 2010, the United States brought suit against Plaintiff in 10-cv-00856 to reduce to judgment federal tax liabilities assessed against Douglas and to foreclose federal tax liens encumbering certain real property owned by him. That Complaint was signed by Thomas M. Herrin, an attorney in the Tax Division of the Department of Justice. Cause Number 10-cv-00856 was initially assigned to United States District Judge Orlando L. Garcia. After denying Douglas's motions to dismiss, the case (and nine others) were reassigned to the Hon. Harry Lee Hudspeth.[1] On August 9, 2011, Judge Hudspeth granted a pending Government motion for summary judgment against Douglas. In that Order, Judge Hudspeth concluded that no genuine issue of material fact existed, that summary judgment should be granted to the Government, that the tax liens should be reduced to judgment, and authorized foreclosure on the real property.[2] A judgment was entered on August 9, 2011. Douglas did not file any appeal to the Fifth Circuit.

On September 6, 2011, Plaintiff filed an Original Complaint and Application for Injunctive Relief in the 288th Judicial District Court of Bexar County, Texas. In this complaint Douglas named Judges Garcia and Hudspeth as defendants. In addition, he brought claims against DOJ attorney Herrin, IRS

---

[1] 10-cv-00856, dkt. no. 34.

[2] Id. at dkt. no. 35.

Revenue Officer Almodovar, and Treasury Department attorney Wilpon.

With regard to Judge Garcia, Douglas complains that he violated his oath of office, violated Plaintiff's First Amendment right to "freely associate only with the state of Texas outside federal jurisdiction", violated his Fourth, Fifth and Thirteenth Amendment rights by denying dismissal, and violated 26 U.S.C. §7403 and 18 U.S.C. §208 by attempting to steal private property and by engaging in a criminal conspiracy. Among additional allegations, Douglas describes Judge Garcia as a terrorist for "using judicial force against person or property to intimidate the civilian population."[3] Douglas essentially makes the same allegations against Judge Hudspeth.[4]

With regard to Mr. Herrin, Douglas claims that Herrin violated his oath of office, violated Plaintiff's First Amendment association rights, violated his Fourth Amendment rights by filing suit to foreclose and requesting private records, and violated his Fifth Amendment rights by "filing suit that would steal private property." Among additional allegations, Douglas describes Mr. Herrin as a terrorist for "using judicial force against person or property to intimidate the civilian population."[5]

With regard to IRS Revenue Officer Almodovar, Plaintiff alleges that Mr. Almodovar committed fraud by mailing illegal levies in violation of 26 U.S.C. §6331, filed notices of lien in violation of Plaintiff's Fourth and Fifth Amendment

---

[3] See 11-cv-00766, dkt. no. 1 at ¶¶125-152.

[4] Id. at ¶¶ 153-180.

[5] Id. at ¶¶102-124.

3

rights, and attempted to steal private property in violation of 18 U.S.C. §208. Plaintiff alleges numerous other claims against Mr. Almodovar.[6]

With regard to Treasury Department attorney Wilpon, Plaintiff alleges that he violated Plaintiff's Fourth Amendment rights by recommending that a suit to foreclose be filed "on a fraudulent lien outside of his authority." He also alleges that Mr. Wilpon violated his Fifth Amendment rights by recommending that the foreclosure suit be filed. He also alleges that Mr. Wilpon attempted to steal his private property in violation of 18 U.S.C. §208. Plaintiff alleges numerous other claims against Mr. Wilpon.[7]

On September 26, 2011, Douglas filed a motion to remand this case to state court. Douglas argued that he filed a *Bivens* action, that this Court was an "Article IV court" that lacked jurisdiction to hear this case, and that he was a "non-taxpayer until proven otherwise and evidence provided on the record justly determined." This Court denied the motion to remand by text order dated November 29, 201, noting that removal was appropriate under 28 U.S.C. §§ 1441, 1442, 1331 and 1340.

## Defendants' Motion to Dismiss

## and/or Motion for Summary Judgment

Defendants assert that Plaintiff's Complaint must be dismissed, with prejudice, because: (1) plaintiff's suit is an impermissible collateral attack on a final judgment; (2) the individually named defendants are protected by either

---

[6] Id. at ¶¶55-82.

[7] Id. at ¶¶83-101.

4

absolute immunity or by qualified immunity; (3) plaintiff's claims, at least with respect to Wilpon and Almodovar, are barred by 26 U.S.C. § 7433; and (4) plaintiff's claims against Almodovar are barred by limitations.

1.      Impermissible Collateral Attack

The Court agrees that this lawsuit is an impermissible collateral attack on a final judgment.  Douglas initially filed a complaint, on July 13, 2007, seeking damages for alleged unauthorized collection actions in connection with the levy on his bank accounts, for refunds of federal income tax, and for injunctive relief.[8]  This Court granted summary judgment to the United States, which the Fifth Circuit subsequently affirmed.[9]  The Fifth Circuit disposed of most of Plaintiff's arguments holding that the "Supreme Court has held that the administrative collection scheme by means of levy is Constitutional.  Further, Douglas is mistaken in arguing that there have been no implementing regulations passed that would empower the government to make assessments or collections under the Internal Revenue Code.  In fact '[n]umerous regulations have been promulgated concerning [the IRS's] assessment and collection authority.'  Further, courts have consistently held that provisions of the Code do not have to be implemented by regulation in order to be effective." *Id*. at 321 (internal citations omitted).  In addition, the Fifth Circuit rejected Plaintiff's argument that he is a "non-taxpayer."  Finally, the Fifth Circuit concluded that the IRS acted properly in levying his funds and Douglas was not entitled to a

---

[8] See SA-07-cv-00593.

[9] See Douglas v. United States, 324 Fed. Appx. 320 (5th Cir. April 15, 2009).

5

refund. *Id*. at 322.

Thereafter, as discussed above, the United States reduced to judgment plaintiff's federal tax liabilities (for tax years 2000-2003) and foreclosed its federal tax liens against plaintiff's residence.[10] Plaintiff never filed an appeal of that judgment. In this case, Plaintiff is seeking injunctive relief to prevent the foreclosure of his residence. To that extent, this lawsuit is an impermissible collateral attack on the prior judgments.

2. Absolute Immunity

Judges Garcia and Hudspeth are entitled to absolute immunity because Plaintiff's claims for damages arose out of acts they performed in the exercise of their judicial functions. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991).

DOJ Tax Attorney Herrin is also entitled to absolute immunity. "[O]fficials who are responsible for the decision to initiate or continue a proceeding subject to agency adjudication are entitled to absolute immunity from damages liability for their parts in that decision." *Butz v. Economou*, 438 U.S. 478, 516, 98 S.Ct. 2894, 2916, 57 L.Ed.2d 895 (1978). *See also Saunders v. Bush*, 15 F.3d 64, 67 (5th Cir. 1994).

3. Qualified Immunity

IRS Revenue Officer Almodovar, Treasury Department attorney Wilpon and DOJ Tax Attorney Herrin are entitled to qualified immunity. Because these

---

[10] See 10-cv-00856.

defendants have asserted qualified immunity, the first question that must be considered is whether their conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known. *See Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). To be clearly established for purposes of qualified immunity, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates the defendant's rights. *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004). "Of course, the defendant's conduct cannot constitute a violation of clearly established law if, on the plaintiff's version of the facts, there is no violation at all." *Id.* at 525. This court must thus initially ask whether the challenged conduct actually presents a violation of federal law. *Id.* (*citing Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)).

The first question is whether the facts alleged, "[t]aken in the light most favorable to the party asserting the injury ... show the [official's] conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see also Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007). Although Plaintiff has pled allegations that various constitutional and statutory rights were violated, the allegations have no legal merit.

However, even assuming arguendo that Plaintiff has satisfied this first step, the qualified immunity inquiry continues and examines whether the constitutional rights violated were clearly established to the extent that a reasonable person would be aware of those rights. Plaintiff fails to overcome this obstacle. The alleged violations were not "clearly established" at the time of the

7

incidents. Indeed, as noted above, the Fifth Circuit has rejected Plaintiff's contentions.

## Conclusion

Defendant's motion to dismiss (doc. no. 8) is granted. Inasmuch as the Court has concluded that Plaintiff's claims are barred by either absolute privilege, qualified privilege, or constitute an impermissible collateral attack, the Court does not address the alternative arguments that the claims are barred by limitations or by 26 U.S.C. §7433(a).

Inasmuch as no claims remain pending, the Clerk is instructed to Clerk to issue judgment pursuant to Fed. R. Civ. P. 58 and close this case.

It is so ORDERED.

SIGNED this 20th day of January, 2012.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE